FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT 05 MAY 19 AM 6: 50
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

MICHELLE SHARLOW,                          )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )        No. 04-2445 Ma/V
                                           )
CENDANT CAR RENTAL GROUP, INC.,            )
d/b/a BUDGET RENT A CAR SYSTEM,            )
INC., ROBERT LINTON LEARY,                 )
Individually and d/b/a NEW                 )
RIVER VALLEY BLACKSBURG, and               )
DOUGLAS RANDALL BENSON,                    )
Individually,                              )
                                           )
        Defendants.                        )

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This action for negligence and intentional infliction of emotional distress arises from a criminal prosecution of the Plaintiff in Montgomery County, Virginia, for the alleged theft of an automobile rented from the Defendants or affiliated entities. Before the court is the Defendants' motion to dismiss, filed September 27, 2004. Plaintiff Michelle Sharlow responded on October 21, 2004. For the following reasons the court DENIES the motion to dismiss to the extent it asserts lack of jurisdiction and venue and STAYS the case pending the outcome of the Virginia criminal proceeding.

## I. Background

The following facts are taken from the complaint. On June 28, 2003, Sharlow rented a truck from New River Valley Blacksburg in

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5-19-05



Blacksburg, Virginia. (Compl. ¶ 6.)  New River Valley Blacksburg
rents vehicles under the franchise name "Budget Rent-A-Car"
("Budget"). (Id. ¶¶ 3-4.)  On Thursday, July 3, 2003, Sharlow
returned the truck to the Budget location at 7171 Stage Road in
Bartlett, Tennessee.  Sharlow's return of the vehicle was late, but
she had sought and received verbal confirmation that the late
return was permissible. (Id. ¶¶ 7-8.)  She returned the truck after
hours, so she put the keys in the drop slot and left her paperwork
in the truck so that Budget would know who had rented the truck.
When she called the Budget store on Stage Road the next week, she
was told that Budget had received the truck. (Id. ¶¶ 8-9.)

Sharlow received a call approximately three weeks later at her
job at City Auto Finance in Memphis, Tennessee, from a sheriff's
deputy in Montgomery County, Virginia.  The deputy told Sharlow
that a representative of Budget was seeking a warrant for her
arrest for the theft of the truck she had rented.  Sharlow assured
the sheriff's deputy that she had returned the truck on the day she
had agreed she would, July 3, 2003. (Id. ¶¶ 10-11.)  Approximately
one week later, on August 21, 2003, two undercover police officers
came to Sharlow's place of employment and arrested her.  Upon her
release on bond, Sharlow called Cendant Rental Group, Inc.
("Cendant"), d/b/a Budget Rent A Car Systems, Inc., and spoke with
a woman named Dale Harvey, who indicated that she would take care
of the charges. (Id. ¶¶ 14-15.)

2

Sharlow called the Commonwealth Attorney in Montgomery County, Virginia, who told her that the owner of New River Valley Blacksburg was the only person who could drop the charges. Sharlow got in touch with Defendant Douglas Benson, an employee of New River Valley Blacksburg, who refused to drop the charges. (Id. ¶¶ 16-19.) Sharlow moved to Allen, Texas, unaware that a warrant for her arrest was still in effect. She applied for a job in law enforcement and, upon receiving a call to check her references, the Montgomery County Sheriff's Department was notified that Sharlow was in Texas and had an outstanding warrant.(Id. ¶¶ 20-22.) Sharlow was arrested again and remained in jail in Texas until March 18, 2004, when she was extradited to Virginia and released on bond.[1] (Id. ¶ 23.)

## II. Jurisdiction

Plaintiff is a citizen of Texas. Defendant Cendant is a Delaware corporation, and Defendant Robert Linton Leary is a citizen of Virginia. Leary is also the sole proprietor of New River Valley Blacksburg in Blacksburg, Virginia. Defendant Douglas Randall Benson is an employee of New River Valley Blacksburg and, presumably, also a citizen of Virginia.[2] Plaintiff seeks damages in excess of $75,000. Thus, the court has diversity jurisdiction

---

[1] Neither the complaint, nor any subsequent filing, indicates precisely when the events surrounding Plaintiff's arrest in Allen, Texas took place.

[2] The jurisdictional facts are taken from the complaint. The Defendants have not answered the complaint, and their motion to dismiss does not contest subject-matter jurisdiction.

over the subject matter of this litigation under 28 U.S.C. § 1332.

The Plaintiff has the burden of establishing this court's personal jurisdiction over the Defendants. <u>Neogen Corp. v. Neo Gen Screening, Inc.</u>, 282 F.3d 883, 887 (6th Cir. 2002). Plaintiff can meet this burden by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state." <u>Id.</u> (quoting <u>CompuServe, Inc. v. Patterson</u>, 89 F.3d 1257, 1262 (6th Cir. 1996)). When there has been no evidentiary hearing on the issue of jurisdiction, the court will not consider facts proffered by the defendant that conflict with those offered by the plaintiff, and will construe the facts in the light most favorable to the nonmoving party in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(2).[3] <u>Id.</u> (citing <u>Serras v. First Tenn. Bank Nat'l Ass'n</u>, 875 F.2d 1212, 1214 (6th Cir. 1989)).

The Defendants argue that this court does not have jurisdiction over Robert Linton Leary or Douglas Randall Benson, the individuals who initiated the criminal proceeding against the Plaintiff, because they did not have sufficient contacts with the state of Tennessee.[4] A federal court has personal jurisdiction in

---

[3] Defendants do not make factual assertions that conflict with those in the complaint. Rather, they argue that the complaint's allegations are insufficient in various respects. Thus, the court will accept the allegations as true for purposes of this motion.

[4] The complaint does not clearly state which of these defendants actually pressed and/or pursued the criminal charges against Plaintiff. Because the Defendants do not contest the inference from the complaint that "Defendants Leary and Benson filed a criminal warrant against Plaintiff in Virginia," the court will accept that inference for purposes of this motion. (Memo. in Supp. of Mot. to Dismiss at 9.)

4

a diversity case if that jurisdiction is authorized by the law of the state in which the court sits and is otherwise consistent with the Due Process Clause of the Fourteenth Amendment. <u>Youn v. Track, Inc.</u>, 324 F.3d 409, 417 (6th Cir. 2003); <u>Reynolds v. Int'l Amateur Athletic Fed'n</u>, 23 F.3d 1110, 1115 (6th Cir. 1994). Tennessee, like many states, has a long-arm statute that extends its jurisdiction to the limits of the Due Process Clause. <u>See</u> Tenn. Code Ann. § 20-2-214(a)(6).

The Due Process Clause permits the exercise of both general and specific jurisdiction. <u>Aristech Chemical Int'l Ltd. v. Acrylic Fabricators Ltd.</u>, 138 F.3d 624, 627 (6th Cir. 1998). Plaintiff does not argue that Leary and Benson have continuous or systematic contacts with Tennessee sufficient to justify general jurisdiction, but she does claim that Tennessee may constitutionally exercise specific jurisdiction over them. Specific jurisdiction exists when the suit arises from or is related to the defendant's contact with the forum. <u>Youn</u>, 324 F.3d at 418 (citing <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 n.8 (1984)). The Sixth Circuit has established a three-part test for determining whether a court may exercise specific jurisdiction consistent with due process:

> 1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; 2) the cause of action must arise from the defendant's activities there; and 3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with

the forum state to make the exercise of jurisdiction over the defendant reasonable.

Id. (quoting Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir. 1968)).

The Defendants' actions giving rise to this lawsuit took place in Virginia. Nevertheless, Leary and Benson knew that Plaintiff was to return the rental truck to the Budget facility in Memphis, Tennessee, and that Plaintiff was then residing in Memphis. By pressing charges against Plaintiff when they knew she and the allegedly stolen truck were in Memphis, Leary and Benson purposefully employed Tennessee's law enforcement on their own behalf. The arrest of the Plaintiff at her place of employment in Memphis, Tennessee was an intended consequence of Leary and Benson's decision to press charges in Virginia. Therefore, those defendants had fair warning that they might have to defend a lawsuit in Tennessee arising from their actions. See Youn, 324 F.3d at 418 (holding that a defendant has "purposefully availed" himself of a forum by engaging in activity that should provide "fair warning" that he might have to defend a lawsuit there); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Leary and Benson also meet the second requirement for specific jurisdiction because this suit is clearly "related to" and "connected with" their decision to establish contacts with

6

Tennessee.[5] See Youn, 324 F.3d at 419; Third National Bank in Nashville v. WEDGE Group, Inc., 882 F.2d 1087, 1091 n.2 (6th Cir. 1989).

Finally, the intentional consequences of the Defendants' actions have a sufficient connection with Tennessee to make the exercise of jurisdiction over the Defendants reasonable. Where the first two criteria for specific jurisdiction are satisfied, "only the unusual case will not meet [the] third criterion." Aristech, 138 F.3d at 628 (quoting Theunissen v. Matthews, 935 F.2d 1454, 1461 (6th Cir. 1991)). That the Defendants do not reside in Tennessee, without more, is insufficient to relieve them of the burden of defending a lawsuit in Tennessee. "When minimum contacts have been established, often the interest of the plaintiff and the forum in exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." Youn, 324 F.3d at 420 (quoting Asahi Metal Indus. Co., Ltd. v. Superior Court, 480 U.S. 102, 114 (1987)). Thus, the Plaintiff has satisfied her burden of establishing this court's personal jurisdiction over Defendants Leary and Benson.

**III. Venue**

The Defendants argue further that, questions of jurisdiction

---

[5] Although Plaintiff's eventual arrest in Texas did not directly implicate Tennessee law enforcement, it resulted from the Defendants' original decision to effect Plaintiff's arrest in Tennessee. Therefore, it can be said that the entire suit is "related to" or "connected with" the original decision to press charges.

notwithstanding, the Western District of Tennessee is not the proper venue in which to bring this action. A plaintiff is allowed to bring a diversity action in

> 1) a judicial district where any defendant resides, if all defendants reside in the same State, 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or 3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Although all Defendants reside or do business in the Western District of Virginia, Plaintiff may bring her action in "any forum with a substantial connection to [her] claim." IFL Group, Inc. v. World Wide Flight Service, Inc., 306 F. Supp. 2d 709, 711 (E.D. Mich. 2004)(quoting First of Mich. Corp. v. Bramlet, 141 F.3d 260, 263 (6th Cir. 1998)). Other district courts have noted that § 1391(a)(2) "does not require venue in the district with the most substantial contacts to the dispute. Rather, it is sufficient that a substantial part of the events occurred in the challenge[d] venue, even if a greater part of the events occurred elsewhere." Id. (internal quotations and citations omitted). As explained above, the arrest of the Plaintiff in Memphis, Tennessee, constitutes a substantial portion of the events giving rise to this lawsuit. Therefore, the Western District of Tennessee is a proper venue for the instant action.[6]

---

[6] Although Plaintiff addresses the issue in her response, the Defendants have not moved for a discretionary change of venue under 28 U.S.C. § 1404(a). Therefore, the court's analysis is confined to the question of whether venue

8

## IV. Analysis

Plaintiff claims that the Defendants were guilty of negligence and intentional infliction of emotional distress in pursuing a criminal prosecution against her.  The basis of her claims is that the Defendants knew or should have known that she was in fact not guilty of the charged crime. (Compl. ¶ 24.)  United States District Courts are required to abstain from deciding federal cases when doing so would directly disrupt an ongoing state proceeding. See Younger v. Harris, 401 U.S. 37 (1971).  Younger abstention applies when the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the plaintiff an adequate opportunity to raise constitutional claims. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Carroll v. City of Mount Clemens, 139 F.3d 1072, 1074 (6th Cir. 1998).  The complaint does not allege, nor do any of the subsequent filings show, that the underlying criminal proceeding in Virginia has been resolved.

An ongoing criminal proceeding necessarily implicates important state interests. See Younger, 401 U.S. at 46-47. Further, the criminal proceeding would present ample opportunity for Plaintiff to challenge the Defendants' justification in pressing criminal charges against her, the lack of which

---

is proper under § 1391(a).

constitutes the basis of this diversity suit.[7]  "When a person is the target of an ongoing state action involving important state interests, the state defendant cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case." Carroll, 139 F.3d at 1074.

The Supreme Court has not expressly held whether Younger requires dismissal of an action seeking only monetary relief. See Deakins v. Monaghan, 484 U.S. 193, 202-03 (1988).  In the Sixth Circuit, district courts have been instructed to stay, rather than dismiss, federal damages actions that otherwise meet the Younger requirements. See Carroll, 139 F.3d at 1075 (citing Deakins, 484 U.S. at 202-03 & n.7).  Whether or not this suit meets the requirements of Younger, the ongoing proceedings in Virginia weigh in favor of staying it.  "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997).  Therefore, the court will stay the instant action pending the resolution of Plaintiff's criminal prosecution in Virginia.[8]

---

[7] Plaintiff does not bring constitutional claims as usually is the case in Younger abstention.  That Plaintiff instead brings claims based on state law weighs just as heavily, if not more so, in favor of respecting any ongoing proceeding in Virginia.

[8] The court does not decide the Defendants' motion to dismiss to the extent it asserts that Plaintiff has failed to make out a valid claim for negligence and intentional infliction of emotional distress.  The court will take up those issues, if necessary, when it is apprised of the resolution of the Virginia criminal prosecution.

## V. Conclusion

For the foregoing reasons, the Defendants' motion to dismiss is DENIED to the extent that it asserts lack of personal jurisdiction and improper venue. The case is STAYED pending resolution of the criminal prosecution of Plaintiff in Virginia. If that proceeding has in fact been resolved by adjudication or dismissal of the criminal charges, Plaintiff is GRANTED leave to amend her complaint to allege that fact.

So ORDERED this *18th* day of May 2005.

SAMUEL H. MAYS, JR
UNITED STATES DISTRICT JUDGE

11

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 11 in case 2:04-CV-02445 was distributed by fax, mail, or direct printing on May 19, 2005 to the parties listed.

---

Minton Philip Mayer
SPICER FLYNN & RUDSTROM
80 Monroe Ave.
Ste. 500
Memphis, TN 38103--246

James O. Lockard
LOCKARD LAW FIRM
707 Adams Avenue
Memphis, TN 38105

Stephen R. Leffler
LEFFLER LAW OFFICE
707 Adams Ave.
Memphis, TN 38105

Honorable Samuel Mays
US DISTRICT COURT